**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

RAUL ALBINO ARELLANO,

        *Petitioner*,

v.                                    Case No. 3:25-cv-1333-WWB-PDB

WARDEN, BAKER CORRECTIONAL
INSTITUTION, et al.,

        *Respondents*.
_____/

## ORDER

Petitioner, an immigration detainee, initiated this action, through counsel, by filing a Petition for Writ of Habeas Corpus. (Doc. 1). Federal Respondents (the Department of Homeland Security ("**DHS**"); the United States Attorney General; and Immigration and Customs Enforcement ("**ICE**")) filed an Amended Response. (Doc. 8). Respondent Warden Woodall filed a Motion to Dismiss (Doc. 13), arguing he is not a proper respondent in this case. Petitioner replied to Respondent Woodall's Motion to Dismiss (Doc. Nos. 14; 17); and the Court provided Petitioner with an opportunity to reply to the Amended Response, but he declined to do so.

## I.    BACKGROUND

Petitioner is a citizen of Mexico who entered the United States without inspection in 1997. (Doc. 1 at 6). On October 5, 2025, ICE detained Petitioner following a traffic stop in which Petitioner was a passenger in the vehicle. (*Id.* at 2, 6). ICE then charged Petitioner, *inter alia*, with entering the United States without inspection under 8 U.S.C.

§ 1182(a)(6)(A)(i) and placed Petitioner in removal proceedings under 8 U.S.C. § 1229a. (*Id.* at 6–7). Petitioner remains in ICE custody.

In his Petition, Petitioner asserts ICE is unlawfully detaining him under 8 U.S.C. § 1225(b)(2)'s mandatory detention, which is violating: (Count One) the Immigration and Nationality Act ("**INA**"); and (Count Two) the Due Process Clause of the Fifth Amendment. (*Id.* at 14-15). Alternatively, (Count Three) Petitioner alleges that if the Court does not grant relief under Counts One or Two, he is entitled to mandamus relief under 28 U.S.C. § 1361 ordering Respondents to provide him with a credible fear interview ("**CFI**") or reasonable fear interview ("**RFI**"). (*Id.* at 15-16).

Federal Respondents argue that the Court lacks jurisdiction to entertain the Petition; Petitioner failed to exhaust his administrative remedies; and in any event, the Petition lacks merit because Petitioner's detention is lawful under § 1225(b)(2). (*See generally* Doc. 8).

## II.   DISCUSSION

As to Federal Respondents' jurisdictional arguments, the Court has considered and rejected those same claims. *See Dos Santos Lopes v. Sec'y, Dep't of Homeland Sec.*, No. 3:25-cv-1522-WWB-LLL, 2026 WL 776158, at *1 (M.D. Fla. Mar. 19, 2026) (finding neither § 1252(g) nor § 1252(b)(9) bars the petitioner's challenge to ICE's decision to treat him as an "applicant for admission" under § 1225(b)). Also, the Court need not address Federal Respondents' exhaustion argument because the Petition will be denied on the merits. *See Santiago-Lugo v. Warden*, 785 F.3d 467, 475 (11th Cir. 2015) ("[B]ecause exhaustion is non-jurisdictional, even when the defense has been preserved and asserted by the respondent throughout the proceeding, a court may skip

over the exhaustion issue if it is easier to deny (not grant, of course, but deny) the petition on the merits without reaching the exhaustion question.").  To that end, the Court turns to the merits of Petitioner's claims.

### A.  Counts One & Two

The underlying premise of Petitioner's claims in Counts One and Two is that he should be classified under 8 U.S.C. § 1226(a) and afforded a bond hearing before an immigration judge rather than being mandatorily detained under 8 U.S.C. § 1225(b)(2).

Section 1225 governs "applicants for admission," which the statute defines as "[a]n alien present in the United States who has not been admitted or who arrives in in the United States (whether or not at a designated port of arrival . . . )."  8 U.S.C. § 1225(a)(1); *see Jennings*, 583 U.S. at 287 (noting that under § 1225, "an alien who arrives in the United States, or is present in this country but has not been admitted, is treated as an applicant for admission (internal quotation marks and citation omitted)).  Immigration laws require applicants for admission to be inspected by immigration officers to determine whether they should be admitted into the country.  *Jennings*, 583 U.S. at 287.  Certain applicants are subject to expedited removal.  *See* 8 U.S.C. § 1225(b)(1).  But, as relevant here, § 1225(b)(2) "serves as a catchall provision that applies to all applicants for admission not covered by [subsection(b)(1)]."  *Jennings*, 583 U.S. at 288.  There are no exceptions to permit the government to release aliens under this subsection on bond.  *See* 8 U.S.C. § 1225(b)(2).

The INA includes provisions applicable to aliens in general, including those aliens who do not qualify as an "applicant for admission."  *See* 8 U.S.C. § 1226.  Section 1226(a) states: "On a warrant issued by the Attorney General, an alien may be arrested and

3

detained pending a decision on whether the alien is to be removed from the United States." 8 U.S.C. § 1226(a). The Attorney General "*may* continue to detain the arrested alien" or "*may* release the alien on bond" or "conditional parole." 8 U.S.C. § 1226(a)(1)-(2) (emphasis added).

It is undisputed that Petitioner entered the United States without inspection and has now been residing here for years. While the Eleventh Circuit has yet to address the issue, other appellate courts have addressed whether noncitizens in similar scenarios properly fall under § 1225 or § 1226. And here, the Court adopts the plain meaning of the statutes as interpreted by the Fifth and Eighth Circuits. *See Avila v. Bondi*, 170 F.4th 1128, 1132–38 (8th Cir. 2026) (holding that "applicant for admission" in § 1225(a)(1) and "seeking admission" in § 1225(b)(2)(A) are synonymous; thus an "alien present in the United States who has not been admitted" "shall be detained"); *Buenrostro-Mendez v. Bondi*, 166 F.4th 494, 498–508 (5th Cir. 2026) (finding "[p]resence without admission deems the petitioners to be applicants for admission" subject to § 1225's mandatory detention); *but see Castanon-Nava v. DHS*, 161 F.4th 1048, 1062 (7th Cir. 2025) (preliminarily determining the Government was not likely to prevail on its argument). In sum, because Petitioner entered the United States illegally and has not been admitted, he is an applicant for admission who is properly detained under § 1225(b)(2) as Federal Respondents contend.

Petitioner claims his detention violates his rights under the INA and the Fifth Amendment. (Doc. 1 at 14–15). But "[d]etention during removal proceedings is a constitutionally permissible part of" the deportation process. *Demore v. Kim*, 538 U.S. 510, 531 (2003). Accordingly, the Supreme Court has held that due process does not

require a bond determination for a § 1226(c) detention during the entirety of removal proceedings. *See id.* If the Fifth Amendment does not require a bond hearing for § 1226 detainees during their mandatory detention, "then the same is true" for § 1225 detainees during theirs. *Chen v. Almodovar*, No. 25 Civ 9670, 2026 WL 100761, at *14 (S.D.N.Y Jan. 14, 2026). As such, Petitioner's mandatory detention under § 1225(b)(2) neither violates the INA nor the Fifth Amendment's Due Process Clause.

### B. Count Three

As to Count Three, Petitioner seeks relief under the Mandamus Act of 28 U.S.C. § 1361 and asks that the Court order Respondents to conduct a CFI or RFI and review any negative credible fear determination against him. (Doc. 1 at 15–16). First, to the extent that Petitioner challenges any credible fear proceedings and any future negative credible fear determination, § 1252(a)(2)(A) expressly precludes such claims from review in federal court. *See Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 111 (2020) ("[C]ourts may not review 'the determination' that an alien lacks a credible fear of persecution." (quoting and citing 8 U.S.C. § 1252(a)(2)(A)(ii), (iii), (iv))). Second, and likely of more import, Petitioner's request for mandamus relief and a Court order requiring an immigration judge conduct a CFI or RFI proceeding is relief that "falls outside the scope of the common-law habeas writ." *Thuraissigiam*, 591 U.S. at 118. Indeed, in making this request Petitioner is not asking for simple release from custody; and "[c]laims so far outside the 'core' of habeas may not be pursued through habeas." *Id.* at 119; *see, e.g.*, *Manaf v. Geren*, 553 U.S. 674, 692 (2008) (rejecting the use of habeas to block a petitioner's transfer to Iraqi authorities, noting that "[h]abeas is at its core a remedy for unlawful executive detention" and that what these individuals wanted was not "simple

release" but an order requiring them to be brought to this country).  Thus, Count Three is denied.

Therefore, it is **ORDERED** and **ADJUDGED** as follows:

1. The Petition for Writ of Habeas Corpus (Doc. 1) is **DENIED** and this case is **DISMISSED**.

2. Respondent Warden's Motion to Dismiss (Doc. 13) is **DENIED as moot**.

3. The Clerk shall enter judgment denying the Petition, terminate any pending motions, and close the file.

**DONE AND ORDERED** in Jacksonville, Florida, on April 21, 2026.

_____
WENDY W. BERGER
UNITED STATES DISTRICT JUDGE

Jax-7

C:     counsel of record

6